**United States Court of Appeals**
FOR THE EIGHTH CIRCUIT



FILED
MAY 16 2008

---

No. 07-2430

---

Tri-State Financial, LLC,    *
                             *
        Appellant,           *
                             *
    v.                       *
                             *
John S. Lovald; Murphy Brothers,  *
                             *
        Appellees.           *

---

No. 07-2433

---

Tri-State Financial, LLC,    *
                             *
        Appellant,           *
                             *
    v.                       *
                             *
Robert E. Hayes; Davenport,  *
Evans, Hurwitz & Smith,      *
                             *
        Appellees.           *

Appeals from the United States
District Court for the District
of South Dakota.

---

Submitted: March 12, 2008
Filed: May 13, 2008

---

Before RILEY, GRUENDER, and SHEPHERD, Circuit Judges.

RILEY, Circuit Judge.

These consolidated cases arise out of the 2003 bankruptcy filing by Tri-State Ethanol Company, LLC (TSE), the owner of an ethanol plant near Rosholt, South Dakota. Tri-State Financial, LLC (TSF) purchased the ethanol plant from the bankruptcy estate and appeals, asserting the bankruptcy court[1] (1) abused its discretion in denying TSF's motion seeking the recusal of the bankruptcy judge; (2) erred in (a) approving a settlement negotiated by the bankruptcy trustee with an oversecured creditor contrary to TSF's objection, and (b) in denying TSF a hearing regarding the settlement approval; and (3) exceeded its authority and abused its discretion in allowing Robert E. Hayes (Hayes), an attorney retained by the bankruptcy trustee, to collect his fees in full despite a conflict of interest arising from Hayes's representation of both the trustee and an unsecured creditor.[2] The district court[3] affirmed the decisions of the bankruptcy court. We affirm.

I.  **BACKGROUND**

The William F. Murphy Self-Declaration of Trust and Mike D. Murphy (collectively, Murphy) loaned money to TSE to finance the construction of a pipeline to TSF's South Dakota ethanol plant. On May 23, 2003, TSE filed a Chapter 11 bankruptcy which was later converted to a Chapter 7 proceeding on July 29, 2004.

---

[1] The Honorable Irvin N. Hoyt, Bankruptcy Judge for the United States Bankruptcy Court for the District of South Dakota.

[2] TSF also complains the bankruptcy court erred under Bankruptcy Rule 9019(a) when the court permitted the settlement creditor to participate as a party in the settlement approval proceeding, offering evidence and presenting argument. The bankruptcy court did not exceed its considerable equitable discretion, and finding no error, we conclude this complaint by TSF lacks merit.

[3] The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

On January 28, 2005, bankruptcy trustee John S. Lovald (Trustee) filed a motion in the bankruptcy court seeking authority to pay certain secured claims, including a partial payment to Murphy of $1,986,000 on Murphy's secured claim. On February 15, 2005, the bankruptcy court granted the Trustee authority to make the requested partial payment to Murphy on Murphy's secured claim. No unresolved objection to this payment was ever filed in the bankruptcy court.

On August 8, 2005, Murphy filed an amended proof of claim as an oversecured creditor in the amount of $2,526,324.75, plus post-petition interest and attorney fees. In August 2005, the Trustee negotiated a settlement with Murphy on Murphy's outstanding claims for $675,886.80 and filed a motion to have the settlement approved on August 25, 2005.[4] The bankruptcy court held a telephonic status conference on October 12, 2005, involving representatives of TSF, the Trustee, and Murphy where the parties agreed that, in lieu of an evidentiary hearing scheduled for the next day, the parties would submit written arguments and agreed exhibits by November 14, 2005. The parties then had until November 29, 2005, to submit any responsive arguments. The parties accordingly submitted written briefs and responsive arguments. On January 22, 2007, this settlement was approved by the bankruptcy court over TSF's objections. The bankruptcy court found the settlement was a compromise which fell "within the range of reasonableness and [was] in the best interests of the estate."

TSF not only took exception to the Murphy settlement, but also took exception to many of the other actions of the bankruptcy court and also of the Trustee, eventually filing a motion on June 29, 2006, asking the bankruptcy judge to recuse himself. On September 1, 2006, the bankruptcy judge denied the motion in a thorough 117 page decision.

---

[4]The Trustee discovered several accounting errors and other discrepancies in Murphy's claim. The settlement agreement estimated the benefits to the debtor's estate were approximately $800,000.

In August 2003, the Trustee retained Hayes to represent the Trustee in the TSE bankruptcy proceedings. Hayes also represented Clapper Corporation (Clapper), an unsecured creditor. Hayes disclosed this potential conflict, and both the Trustee and Clapper waived any conflict. The August 2003 attorney retention application disclosed to the court and creditors Hayes "is counsel for unsecured creditor Clapper Corporation." This appointment was approved without objection. Later, when Hayes sought payment for his services, TSF objected on the basis of a conflict in Hayes's representation of both the Trustee and Clapper. The bankruptcy court approved Hayes's fee request over TSF's objection.

TSF appealed to the district court the recusal motion denial; the Murphy settlement; and Hayes's fee approval. The district court affirmed the bankruptcy court's decisions. These appeals followed.

## II. DISCUSSION

"As the second reviewing court, we apply the same standards of review that the district court applied . . . review[ing] the bankruptcy court's factual findings for clear error and its conclusions of law de novo." In re Clark, 223 F.3d 859, 862 (8th Cir. 2000).

### A. Recusal

Motions for recusal under 28 U.S.C. § 455 "will not be considered unless timely made." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). The timeliness doctrine under § 455 "requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Id. (internal quotation marks and citation omitted). A party is required to bring its recusal motion promptly to avoid the risk that the party might hold its application as an option in the event the trial court rules against it. See In re Apex Oil Co., 981 F.2d 302, 304-05 (8th Cir. 1992).

TSF's motion was not timely. The issues TSF discusses as the bases for its motion were: (1) the December 12, 2003, denial of TSE's motion for multifaceted relief; (2) the court's July 28, 2004, comments and ruling related to the conversion of the case to Chapter 7; (3) the court's actions at the October 26, 2004, auction of the ethanol plant and private comments the court made following the auction; and (4) a November 18, 2005, hearing where TSF's counsel intimated the court was being unfair. While these events occurred as early as December 2003 and then in 2004 and 2005, TSF did not make its recusal motion until June 29, 2006. The actions and comments TSF asserts for its recusal motion first occurred thirty months before the motion and last occurred seven months before the motion. Even measuring from the most recent event, a relatively lengthy seven months elapsed. TSF's motion is untimely and, on this basis alone, the district court's decision to affirm the bankruptcy court's denial of the recusal motion is affirmed. See In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353, 1360-61(8th Cir. 1996) (finding a ten-month delay from the initial awareness of a potential conflict rendered the motion untimely).

### B.   Murphy Settlement Approval

"A bankruptcy court's approval of a settlement will not be set aside unless there is plain error or abuse of discretion." In re Martin, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997) (citing In re New Concept Housing, Inc., 951 F.2d 932, 939 (8th Cir. 1991)). "An abuse of discretion occurs if the court bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." In re Racing Servs., 332 B.R. 581, 584 (B.A.P. 8th Cir. 2005) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)). The standard for evaluation of a settlement "is whether the settlement is fair and equitable and in the best interests of the estate." Martin, 212 B.R. at 319 (internal quotation marks and citation omitted) (relying, in part, on Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968)). A settlement is not required to constitute "the best result obtainable." Id.

> Rather, the court need only . . . determine that the settlement does not fall below the lowest point in the range of reasonableness.
>
> . . .
>
> In assessing the reasonableness of a settlement, the factors to be considered can be summarized as follows:
> (A) the probability of success in the litigation;
> (B) the difficulties, if any to be encountered in the matter of collection;
> (C) the complexity of the litigation involved, a[n]d the expense, inconvenience and delay necessarily attending it; and
> (D) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. (internal quotation marks and citations omitted). Both the bankruptcy court and the district court considered this four factor test and found the first three factors weighed in favor of the settlement because (1) Murphy had a good chance of success in litigation considering Murphy was entitled to be paid both principal and interest under the contractual terms of the notes; (2) Murphy is an oversecured creditor and therefore would not have any difficulty in collecting the monies owed; (3) the litigation necessary to dispute Murphy's claim would be complex and protracted, and Murphy would be entitled to recover attorney fees and expenses from the petition date of May 23, 2003, through the appellate process; and (4) even though 52 entities were given notice of the proposed settlement, TSF was the only entity filing an objection. The lower courts also found Murphy made significant concessions in (1) waiving pre- and post-petition attorney fees available under § 506; and (2) settling its claim for $675,886.80 which is almost $115,000 less than the amount of principal, interest and late charges accrued as shown in Trustee's Revised Exhibit 4 of $790,000. Based on a review of the four factor test and the totality of the circumstances, neither the bankruptcy court, nor the district court, abused its discretion in approving the Murphy settlement.

The bankruptcy court also did not abuse its discretion in denying TSF a hearing regarding the Murphy settlement. Rule 9019 states, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." The term "after notice and a hearing,"

> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes an act without an actual hearing if such notice is given properly and if—(i) such a hearing is not requested timely by a party in interest . . . .

11 U.S.C. § 102(1). Here, a hearing was scheduled and notice of the hearing was properly given to TSF. TSF then agreed with the other parties and the court, or did not object to the proposed procedure, to cancel the scheduled hearing and to instead present the issue to the bankruptcy judge on written arguments. TSF submitted its written argument opposing the settlement and also submitted a written response to the opposing argument. As such, TSF was properly notified of the proposed settlement and had an opportunity to participate in a hearing which was scheduled specifically to address the Murphy settlement. TSF was "heard" when TSF submitted its written arguments and evidence and the bankruptcy court considered the submitted evidence and arguments. Where TSF agreed to the cancellation of the formal hearing and was given the opportunity to submit its arguments in writing, the court did not abuse its discretion when it did not hold a formal hearing regarding the Murphy settlement.

### C. Hayes's Attorney Fees

"[A] decision regarding [the award of] attorney fees [is reviewed] for an abuse of discretion." In re Clark, 223 F.3d 859, 862 (8th Cir. 2000) (citation omitted). "The bankruptcy court has the broad power and discretion to award or deny attorney fees, and, indeed, a duty to examine them for reasonableness." Id. at 863 (citations omitted). An assessment of the reasonableness of the compensation sought "is always a question of fact for the court." Id. (citation omitted). TSF does not challenge the reasonableness of Hayes's hourly rate or that Hayes did the work claimed. Instead,

TSF argues the fees should have been reduced (or not paid at all) because of the conflict arising from Hayes's representation of both the Trustee and Clapper, an unsecured creditor.

Under 11 U.S.C. § 327(c), an attorney is not disqualified from representing the Trustee solely because the attorney represents a creditor unless a creditor objects to the employment and an actual conflict of interest exists. On August 3, 2004, when the Trustee filed an application with the court seeking to employ Hayes, the application disclosed Hayes "is counsel for unsecured creditor Clapper." At this time there was no actual conflict.[5] Hayes's appointment was approved without objection. Only later, in 2006, when Hayes sought payment for his services, did TSF object on the ground of a conflict in Hayes's representation of both the Trustee and Clapper.

At no time did Hayes represent the bankruptcy estate in connection with any claims by Clapper. The Trustee employed a different attorney to represent the estate in challenging any claim by Clapper. No financial harm was suffered by the bankruptcy estate or any other party from this alleged conflict. Where TSF only challenges the fee award on the basis of a conflict, effectively not contesting whether the work was

---

[5] The Trustee and Clapper both formally waived any conflict. We acknowledge nonbinding authority exists indicating the limitations in § 327 cannot be waived. See In re American Energy Trading, Inc., 291 B.R. 154, 158 (Bankr. W.D. Mo. 2003) ("The adverse interest and disinterested person limitations set forth in § 327 governing the employment of professionals cannot be excused by waiver." (citing In re Envirodyne Indus., Inc., 150 B.R. 1008 (Bankr. N.D. Ill. 1993)). Section 327(a) permits the trustee, with court approval, to employ attorneys "that do not hold or represent an interest adverse to the estate." Section 327(c) mandates, upon objection by another creditor or by the trustee, "the court shall disapprove such employment if there is an actual conflict of interest." The court in American Energy Trading found an actual conflict of interest. Id. at 156-57 ("[T]he actual conflict that has been represented to the Court at the hearing, provides ample support for this Court to revisit its previous ruling."). Here, no actual conflict of interest existed. Because no actual conflict of interest exists, it is unnecessary for us to determine the effectiveness of the waiver by the Trustee and Clapper.

done or whether the hourly rate charged was reasonable, the court did not abuse its discretion in awarding Hayes the fees sought.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court and the subject challenged decisions of the bankruptcy court.

---